Lawrence E. Haun v. Commissioner.
Haun v. Commissioner
Docket No. 2200-69 SC.
United States Tax Court
T.C. Memo 1970-121; 1970 Tax Ct. Memo LEXIS 243; 29 T.C.M. (CCH) 527; T.C.M. (RIA) 70121; May 19, 1970, Filed Lawrence E. Haun, pro se, 22607 Eleven Mile Rd., St. Clair Shores, Mich.Robert T. Hollohan, for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The Commissioner has determined a *244 deficiency in the income tax of petitioner for the taxable year 1964 in the amount of $257.73. The issues to be decided are: (1) whether petitioner is entitled to a capital loss deduction with respect to uncollected claimed tax refunds for prior years, (2) whether petitioner is entitled to compute his taxable income as the head of a household, and (3) whether respondent has erred in disallowing claimed medical expenditures in the amount of $292.80. Findings of Fact Such facts as may be gleaned from the pleadings, the income tax return of petitioner for 1964, and the meager transcript of the testimony taken herein are as follows: Petitioner timely filed his individual income tax return for 1964 with the director of internal revenue at Detroit, Michigan. At the time of filing such return he resided at Detroit, Michigan. For 1954 through 1963, petitioner filed no income tax returns, but in 1964, he filed returns for all of such years, including the return for 1964. The Commissioner allowed claimed refunds for 1961, 1962, and 1963 and disallowed claims for refund for 1954 through 1960. On his 1964 return, petitioner claimed a long-term capital loss deduction in the amount of $1,000, *245 representing the disallowed claimed refunds for prior years. At the end of 1964, petitioner was married. Petitioner is a diabetic and was such throughout 1964 and because thereof was under more or less continual medication. In order to defray the cost of such medication, he placed $11 in cash in an envelope every week and from the envelope paid for such drugs and medication. During 1964, petitioner expended for medicine and drugs, exclusive of doctor and hospital bills, the amount of $541. Opinion Petitioner filed no returns for nearly 10 years on the ground that because he was under the belief that 6 percent interest was paid on refunds of excessive withholdings by the United States and because he had a refund coming anyway for each of the nonfiling years, he was merely "saving his money with the Internal Revenue." When the respondent refused to allow a refund for any but the last three open years, he was "very upset." So he claimed $1,000 of such disallowed refunds as a long-term capital loss deduction. We must hold for respondent on this issue because in order to successfully claim such a deduction there must be some section of the Code under which it is authorized. We *246 have found none. Petitioner's failure to collect refunds for years in which they were disallowed is caused by his failure to file returns and claim such refunds within the time required by sections 6511 (a) [1] 528 and 6513(b)(1), [2]I.R.C. 1954. Even though it were assumed that petitioner actually suffered a deductible loss by virtue of his inability to collect the tax refunds here disallowed, such losses did not occur in 1964, but rather in earlier years not before the Court. *247 By his own admission that he was married at the close of 1964, petitioner has in effect conceded that he is not entitled to compute his tax for that year as the head of a household for the reason that section 2(b), I.R.C. 1954, defines the head of a household as an individual "if, and only if, such individual is not married at the close of his taxable year." The respondent's determination is upheld on this issue. With respect to petitioner's medical expenditures for 1964, we are convinced from his testimony that such expenditures amounted to $541 during 1964 and have found so as a fact. Decision will be entered under Rule 50. Footnotes
1. SEC. 6511. LIMITATIONS ON CREDIT OR REFUND. (a) Period of Limitation on Filing Claim. - Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within 3 years from the time the tax was paid. ↩
2. SEC. 6513(b) Prepaid Income Tax. - For purposes of section 6511 or 6512 - (1) Any tax actually deducted and withheld at the source during any calendar year under chapter 24 shall, in respect of the recipient of the income, be deemed to have been paid by him on the 15th day of the fourth month following the close of his taxable year with respect to which such tax is allowable as a credit under section 31.↩